STATE OF NORTH CAROLINA v. EDDIE LEE JONES AND STATE OF NORTH CAROLINA v. JERRY DONALD EVERETT

No. 804SC748

(Filed 3 February 1981)

**Criminal Law § § 112.3, 119— question by jury — what evidence could be considered — oral request for special instruction**

In this prosecution of defendants for two armed robberies wherein one of the victims was unavailable to testify at the trial and the jury, after deliberating for some time, asked the court whether "we have to base the verdict on strictly the evidence we have heard due to the fact that one of the State's witnesses is not here," the trial court did not err in instructing the jury that it could consider only the evidence it heard from the witness stand and the exhibits. Furthermore, the trial court did not abuse its discretion in failing to give an instruction orally requested by defense counsel that the jury could consider not only the evidence they heard from the witness stand "but also the lack of evidence," since the circumstances arising from the jury's question did not excuse defendants from the requirement of G.S. 1-181 that a request for special instructions be submitted in writing prior to the charge, and the court had previously instructed the jury that a reasonable doubt could arise out of some or all of the evidence or from the lack or insufficiency of the evidence.

APPEAL by defendants from *Barefoot, Judge.* Judgments entered 18 March 1980 in Superior Court, ONSLOW County. Heard in the Court of Appeals 6 January 1981.

Defendants were each indicted on two counts of armed robbery. They were each convicted of common law robberies and received consecutive sentences. Both defendants have appealed from the judgments entered.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*Ellis, Hooper, Warlick, Waters & Morgan, by Charles H. Henry, Jr., for defendant Jones.*

*Hamilton & Sandlin, by Billy G. Sandlin, for defendant Everett.*

WELLS, Judge.

One of the witnesses for the State, Kenneth L. Emmons, testified that he and a friend, Jeffrey Wojciechawski, were assaulted and robbed by defendants in the early morning hours of 1 December 1979. This testimony was corroborated in part by another witness for the State, James McClinton. Jeffrey Wojcie-

chawski did not testify at the trial. Emmons testified on direct examination that Wojciechawski was at the time of the trial on "a Mediterranean Cruise out in Spain."

After the jury had deliberated for a period of time they returned to the courtroom and requested of the court: "The question is do we have to base the verdict on strictly the evidence we have heard due to the fact that one of the State's witnesses is not here?" In response to the jury's question the court stated:

> Members of the jury, the only evidence that you can consider is what you heard come from the stand and any other evidence that was introduced by the State, which would be six exhibits or seven exhibits, I believe. That is the only thing you can base your decision on is what you heard come from this witness stand or either the exhibits.

One of the defense attorneys "asked the court to instruct the jury that they may consider not only the evidence they heard from the witness stand, but also the lack of evidence." The court denied this request and further instructed the jury as follows:

> Members of the jury, consider all of the evidence that comes from that stand. That is the only evidence whether it is for the State or the two defendants. That is the only evidence you are to consider. I will let you go back and deliberate unless you have another question.

The defendants' first assignment of error is based on their exceptions to the court's response to the jury's question and to the reiteration of that response. The second assignment of error is based on defendants' exception to the court's denial of their request for instructions.

We note that defendants, in their brief, have failed to refer to the assignments of error and exceptions upon which these assignments of error are based, in violation of Rule 28(b)(3), Rules of Appellate Procedure. Nevertheless we shall discuss the questions raised by defendants.

We first find no error in the alleged instruction given by the trial judge in response to the jury question. In *State v. Cates*, 293 N.C. 462, 238 S.E. 2d 465 (1977), an exception to similar instructions was found to have no merit. The Court stated that "[t]he trial

judge was simply telling the jury what to consider as evidence in arriving at its verdict." *Id.*, at 472, 238 S.E. 2d at 472.

Defendants' second assignment of error concerns the failure of the trial judge to give the requested instruction. G.S. 1-181[1] sets forth the requirements for a request for special instructions to the jury. Although another victim present at the time the robbery was committed was not in court at the trial of the case, defendants failed to make a request in writing prior to the charge of the court with respect to the absence or failure to give testimony of this person. We do not believe that the circumstances arising from the jury's question excuse defendants from the requirement of G.S. 1-181, and it was entirely within the discretion of the trial judge as to whether defendants' oral request should be granted. Additionally, we note that the trial judge had earlier instructed the jury that the State must prove to them that each defendant was guilty beyond a reasonable doubt. He defined reasonable doubt as " a doubt based on reason and common sense arising out of some or all of the evidence that has been presented or lack or insufficiency of the evidence as the case may be." We find no prejudicial error in the failure of the trial judge to give the requested instruction.

No error.

Judges ARNOLD and HILL concur.

---

[1] § 1-181. Requests for special instructions. -- (a) Requests for special instructions to the jury must be --

    (1) In writing,

    (2) Entitled in the cause, and

    (3) Signed by counsel submitting them.

    (b) Such requests for special instructions must be submitted to the trial judge before the judge's charge to the jury is begun. However, the judge may, in his discretion, consider such requests regardless of the time they are made.

    (c) Written requests for special instructions shall, after their submission to the judge, be filed as a part of the record of the same.